**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 14 2008

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RICHARD MCALLISTER                                              PLAINTIFF

V.                          CASE NO. 4:08CV003619 WRW

LIFE INSURANCE COMPANY OF NORTH
AMERICA and MOLEX, INC. LONG TERM
DISABILITY PLAN                                                DEFENDANTS

This case assigned to District Judge _Wilson_
Magistrate Judge _____

## NOTICE OF REMOVAL

Defendants, Life Insurance Company of North America ("LINA") and Molex, Inc. Long Term Disability Plan ("Molex"), by their attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., in support of their Notice of Removal of the above-captioned action to the United States District Court for the Eastern District of Arkansas, Western Division, from the Circuit Court of Pulaski County, Arkansas, respectfully submit that:

1. On or about September 16, 2008, Plaintiff served a Summons and Complaint on Defendant LINA in the action captioned *Richard McAllister v. Life Insurance Company of North America and Molex, Inc. Long Term Disability Plan*, Pulaski County, Arkansas Circuit Court No. CV-2008-10178. A copy of the Summons and Complaint are attached hereto as Exhibit "A." No further proceedings have been had therein.

2. The above-mentioned action is a civil action in which Plaintiff seeks recovery of benefits under an employee welfare benefit plan subject to and governed by the provisions of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq.* See Complaint, ¶¶ 1.

3. ERISA preempts the state law claims contained in Plaintiff's Complaint and provides the exclusive remedy for resolution of claims by employee benefit plans participants

and beneficiaries to recover benefits under a plan. 29 U.S.C. §1132(a)(1)(B); *see Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987). A cause of action filed in state court which is preempted by ERISA and comes within Section 502(a)(1) is removable to federal court under 28 U.S.C. § 1441 as an action arising under federal law, even when the ERISA-related nature of the action does not appear on the face of the Complaint. *AETNA Health, Inc., v. Davila*, 542 U.S. 200 (2004); *See also Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

4. Therefore, this Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). As an action of a civil nature founded on a claim or right arising under the laws of the United States, this action may be removed to the Court pursuant to the provisions of 28 U.S.C. § 1441(a) and (b).

5. This Notice of Removal is being filed within the time period required by 28 U.S.C. § 1446(b).

6. All defendants consent to this removal.

7. Written notice of the filing of Notice of Removal will be given to the adverse party as required by law.

8. A true and correct copy of this Notice of Removal will be promptly filed with the Clerk of the Circuit Court of Pulaski County, Arkansas, as provided by law.

WHEREFORE, Defendants LINA and Molex respectfully remove this action from the Circuit Court of Pulaski County, Arkansas, to the United States District Court for the Eastern District of Arkansas, Western Division.

Respectfully submitted,

MITCHELL, WILLIAMS, SELIG
GATES & WOODYARD, P.L.L.C.
425 West Capitol Ave., Suite 1800
Little Rock, Arkansas 72201
(501) 688-8800

By: *Delena C. Hurst*
R.T. Beard, III
Bar I.D. No. 71005
Delena C. Hurst
Bar I.D. No. 2007089

## CERTIFICATE OF SERVICE

I, Delena C. Hurst, certify that a copy of the foregoing was sent via facsimile and mailed, postage prepaid, on the 14th day of October, 2008, to:

Leon Marks
Leon Marks, P.A.
111 Center Street
Suite 1200
Little Rock, AR 72201
fax: (501) 978-3132

*Delena C. Hurst*
Delena C. Hurst



**Service of Process Transmittal**
09/15/2008
CT Log Number 513855220

**TO:** Michael A James
Cigna Companies
TL21A, Two Liberty Place
1601 Chestnut Street
Philadelphia, PA 19192

RECEIVED
SEP 1 6 2008
GROUP LITIGATION DEPT.

**RE: Process Served in Arkansas**

**FOR:** Life Insurance Company of North America (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Richard McAllister, Pltf. vs. Life Insurance Company of North America, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Letter, Summons, Complaint, Exhibits |
| **COURT/AGENCY:** | Pulaski County Circuit Court, AR<br>Case # CV200810178 |
| **NATURE OF ACTION:** | Employee Litigation - Violation of Employee Retirement Income Security Act of 1974 (ERISA) |
| **ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Little Rock, AR |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 09/15/2008 postmarked on 09/12/2008 |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days from the date of service |
| **ATTORNEY(S) / SENDER(S):** | Leon Marks<br>Leon Marks, P.A.<br>111 Center Street<br>Little Rock, AR 72201<br>501.978.3131 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight , 790576086880 |
| **SIGNED:** | CT Corporation System |
| **ADDRESS:** | 124 West Capitol Avenue<br>Suite 1900<br>Little Rock, AR 72201-3736 |
| **TELEPHONE:** | 501-244-9034 |



EXHIBIT A

Page 1 of 1 / KM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# Leon Marks, P.A.
*Attorney at Law*
111 Center Street, Suite 1200
Little Rock, AR 72201
(501) 978-3131
Fax (501) 978-3132

September 12, 2008                                  **Certified Mail - RRR**

The Corporation Company
425 West Capitol Avenue
Suite 1700
Little Rock, AR 72201

Re: *Richard McAllister v. Life Insurance Company of North America and Molex Inc. LongTerm Disability Plan*
    **Pulaski County Circuit Court Case No. CV 2008-10178**

Dear Corporation Company:

Enclosed please find a copy of the Complaint and Summons that I am serving on you as the Registered Agent for the Life Insurance Company of North America in connection with the above-styled case.

Sincerely,

Leon Marks

cc: Richard McAllister

```
State of Arkansas
Pulaski County Circuit Court
Office of the County Courthouse           CASE NO.: CV 2008 010178
401 W. Markham, Suite 102
Little Rock, Arkansas 72201               DIV: 6TH - HON. TIM FOX
                                SUMMONS
                           ( NOTICE OF LAWSUIT )
PLAINTIFFS                                    DEFENDANT
    RICHARD MCALLISTER               LIFE INSURANCE COMPANY OF NORTH AMERICA
    , ET AL

PLAINTIFFS'S ATTORNEY                         DEFENDANT'S ADDRESS
    LEON MARKS
    111 CENTER
    SUITE 1200
    LITTLE ROCK,AR   72201
```

THE STATE OF ARKANSAS TO THE ABOVE NAME DEFENDANT(S):

1. You are hereby notified that a lawsuit has been filed against you by the above named plaintiff(s); The relief asked is stated in the attached complaint.

2. The attached complaint will be considered admitted by you and a judgment by default may be entered against you for the relief asked in the complaint unless you file a written response or answer and thereafter appear and present your defense. Your pleading or answer must meet the following requirements:

   A. It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.
   B. It must be filed in the Pulaski County Circuit Clerk's Office within TWENTY (20) days from the day you were served with this summons.
   C. A copy of your response must be delivered or mailed to the plaintiff or his attorney.

3. If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you in the time allowed

WITNESS my hand and the seal of said Court this day: September 10, 2008
                                        PAT O'BRIEN, Circuit Clerk

                                        By_____D.C.
STATE OF ARKANSAS, COUNTY OF PULASKI
On this ____ day of _____ 20 ___, at _____ o'clock
__.M., I have duly served the summons by delivering a copy thereof (or stating the substance thereof), together with a copy of the complaint, to _____ such person being:
CHECK APPLICABLE SQUARE:
___ the person named therein as defendant
___ some person residing at defendant's dwelling house or usual place of abode who is at least 14 years old, namely_____
___ the duly designated agent for service of process for the defendant, namely _____
___ OTHER: _____

                                        _____,SHERIFF
                                    By: _____
                                        Deputy Sheriff

6th

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS

FILED 09/10/08 10:05:54
Pat O'Brien Pulaski Circuit Clerk
CR10 By _____

**RICHARD MCALLISTER**   4:08CV003619   **PLAINTIFF**

V.   CASE NO. CV2008-10178

**LIFE INSURANCE COMPANY OF NORTH
AMERICA and MOLEX, INC. LONG TERM
DISABILITY PLAN**   **DEFENDANTS**

## COMPLAINT

Comes Plaintiff, Richard McAllister, by and through undersigned counsel, and for his cause of action against Life Insurance Company of North America ("Lina") and the Molex, Inc. Long Term Disability Plan (the "Plan"), states:

1. This is an action on a disability insurance policy governed by the Employee Retirement Income Security Act ("ERISA").

2. Defendant Lina is a foreign corporation licensed to do business in Arkansas. The Plan is a welfare benefit plan as that term is defined in ERISA.

3. Pursuant to 29 U.S.C. Section 1132(e), this Court has jurisdiction over the subject matter of this action.

4. Plaintiff was employed by Molex, Inc. until he became unable to perform the material duties of his job or of any job. During his term of employment with Molex, Inc., Plaintiff was a participant in the Plan.

5. The Plan was funded by an insurance policy underwritten by Lina and identified as Policy Number LK 005801.

1

6. Cigna served as the claims administrator of the Plan. Cigna and Lina are related corporations.

7. Mr. McAllister was a participant in this ERISA disability plan as a consequence of his employment with Molex, Inc.

8. During the time that Plaintiff was an insured under the disability policy, he became unable to perform the material duties of his job or of any job.

9. Cigna approved his claim for LTD benefits by letter dated April 15, 2003 and began to make periodic payments to Plaintiff.

10. Cigna referred Plaintiff to Allsup Inc. for the purpose of representing him in efforts to obtain his Social Security Disability Income ("SSDI") benefits.

11. Plaintiff was approved for SSDI benefits, which amount reduced the amount of monthly payment made by Cigna to Mr. McAllister.

12. Cigna paid LTD benefits to Mr. McAllister until August 15, 2007, when it abruptly and improperly terminated his LTD benefits.

13. Mr. McAllister submitted an abundance of persuasive evidence of his continuing disability, including the powerful statement from his treating physician, Dr. Lon Burba, at the Arkansas Neurodiagnostic Center, P.A. See Plaintiff's Exhibit # 1 attached hereto.

14. Dr. Burba informed Lina that "He has a rather marked decrease in the amplitude of all of the motor nerves that we tested. This causes him weakness, pain, tingling and burning in his feet. He is unable to sleep at night because of pain despite continuous morphine therapy through his pain clinic. He also has chronic low back pain and neck pain."

15. By letter dated February 13, 2007, Dr. Burba had previously advised Lina that Mr. McAllister suffered from Degenerative disc disease, chronic pain syndrome and polyneuropathy. See Plaintiff's Exhibit # 2 attached hereto.

16. Plaintiff supplied substantial, additional medical documentation from the Veterans' Administration which substantiated these medical problems along with other medical issues.

17. The co-morbidity of Plaintiff's medical problems caused him to be disabled under the provisions of the Plan.

18. Despite having received substantial evidence supporting Plaintiff's disability, Lina denied his appeal.

19. Mr. McAllister has exhausted his administrative remedies under the Plan.

## COUNT 1

Plaintiff incorporates the allegations contained in Paragraphs 1 through 19 as if fully stated herein and says further that:

20. Plaintiff is entitled to certain benefits under the Plan consisting of past due long term disability benefits including prejudgment interest, retroactive to the date that his benefits were wrongfully terminated.

21. Plaintiff is entitled to the benefits under the Plan because he has satisfied all conditions to be eligible to receive the benefits.

22. Defendants have refused to make Plaintiff's benefit payments and have ignored substantial medical and vocational records supporting his disability.

## COUNT 2

Plaintiff incorporates the allegations contained in Paragraphs 1 through 22 as if fully stated herein and says further that:

23. Defendant LINA, as insurer and claims' administrator of the Plan, owed a duty to Plaintiff to handle his claim in a fair and proper fashion.

24. Defendant LINA, pursuant to the provisions of the Plan and in accordance with ERISA, had the duty to do a full and fair review of Plaintiff's claim. LINA has breached its fiduciary duty by failing to do a full and fair review.

25. Defendant further breached its fiduciary duties by wrongly terminating Plaintiff's benefits and by rendering a decision that was in conflict with the medical evidence submitted to it. Lina has rendered a decision that was contrary to the reasonably correct interpretations of the Plan and evidence submitted.

## COUNT 3

Plaintiff incorporates the allegations contained in Paragraphs 1 through 25 as if fully stated herein and says further that:

26. Plaintiff requests that the Court enter a Declaratory Judgment adjudging his entitlement to benefits under the Plan so long as she meets the definition of disability under the Plan.

## DAMAGES

27. Plaintiff is entitled to the back benefits owed to him plus prejudgment interest.

28. Plaintiff is entitled to attorney's fees.

29. Plaintiff is entitled to additional relief because of Defendants' breach of fiduciary duties.

4

WHEREFORE, Plaintiff, Richard McAllister, prays that he have judgment against Defendants for back benefits owed to him plus interest, for breach of fiduciary duties, for attorneys' fees and costs, and for all other relief to which he may be entitled.

Respectfully submitted,

Leon Marks, P.A.
111 Center Street
Suite 1200
Little Rock, AR 72201
(501) 978-3131
LMarks5080@aol.com

By: *(signature)*
Leon Marks (Ark. Bar # 76-175)

5

# Arkansas Neurodiagnostic Center, P.A.
## Lon Burba, M.D.
Diplomat American Board of Psychiatry and Neurology

9601 Lile Drive – Suite #670 – Little Rock, AR 72205
Phone: 224-1281 – Fax: 224-8633

October 16, 2007

Cigna Insurance
Attn.: Kathy

Re: Richard McAllistor

Dear Dr. Kathy:

We saw Mr. McAllistor back recently for his electrical study. He has a rather marked decrease in the amplitude of all of the motor nerves that we tested. This causes him weakness, pain, tingling and burning in his feet. He is unable to sleep at night because of pain despite continuous morphine therapy through his pain clinic. He also has chronic low back pain and neck pain.

His electrical studies showed increased polyphasia in the C-5 and L-5 dorsal roots and this relates to sprouting of the nerves due to chronic denervation. This causes him incredible pain radiating out of his neck and back into his legs and arms so he has two different reasons for pain, and for this reason, the chronic pain and the need for continuous morphine therapy, he is unable to work.

I hope this update is helpful to you.

Sincerely,

Lon Burba, M.D.
LB/cah
cc: Richard McAllistor

— Plaintiff's Exhibit #1 —

FILE COPY

# Arkansas Neurodiagnostic Center, P.A.
## Lon Burba, M.D.
Diplomat American Board of Psychiatry and Neurology

9601 Lile Drive – Suite #670 – Little Rock, AR 72205
Phone: 224-1281 – Fax: 224-8633

February 13, 2007

Michael Koone, M.D.
Ten Hospital Drive
Morrilton, AR 72110

Re: Richard McAllistor

Dear Dr. Koone:

Thank you for referring Richard McAllistor. As you know, this is a 52-year-old male whom as you know I saw in the past three years ago. He presents today with the complaint of neck and lower back pain. He states if he stays on his feet for very long, he experiences pain in his legs. He has tingling and burning in his right leg and in his feet. This occurs in his feet more at night which makes it difficult for him to rest. He also has difficulty with his balance at times due to this. He has had no falls. He states he does have weakness in his arms and legs at times.

**PAST MEDICAL HISTORY:** Chronic back and neck pain, depression and anxiety, elevated cholesterol, acid reflux, bilateral carpal tunnel syndromes.

**PAST SURGICAL HISTORY:** Back surgery x 2, appendectomy, hemorrhoidectomy, bilateral carpal tunnel surgeries, left trigger finger surgery.

**TRAUMA:** MVA in 1964 – sprained neck with muscle pain. Left trigger finger caught in a grinder.

**FAMILY HISTORY:** Mother is living at age 84 in good health, father is deceased from a heart condition and diabetes mellitus, one brother is living and had open heart surgery, one sister is living with a history of breast cancer, three sisters are living in good health.

**MEDICATIONS:** Morphine, Wellbutrin, antidepressant, cholesterol medicine, Prilosec or Prevacid.

**ALLERGIES:** None known.

**RADIOLOGIC STUDIES:** MRI of the T-spine, C-spine and L-spine, EMG here in 2004 or 2005, PA and lateral chest x-ray. He is scheduled for a sleep apnea test.

**SOCIAL HISTORY:** He is disabled. He smoked two to three packs per day for ten years and quit in 1980. He does not drink nor use illicit drugs.

**VITAL SIGNS:** BP 130/90, pulse 92, respirations 12, height 5'8" and 200 pounds.

**REVIEW OF SYSTEMS:**
A complete 12-system review of systems has been obtained and reviewed with the patient, signed by me and is on file in the chart.

**PHYSICAL EXAMINATION:**
**GENERAL:**
- NECK: Supple. Brudzinski and Kernig's signs are negative.
- ENT: Unremarkable.
- LUNGS: Clear to auscultation and percussion.
- CV: Reveals a regular rate and rhythm without murmur.
- SKIN: Clear.
- ABDOMEN: Soft, non-tender without organomegaly.
- SPINE/EXTREMITIES: Without clubbing, cyanosis or █

Plaintiff's Exhibit #2

Richard McAllistor
Page 2

## NEUROLOGIC EXAMINATION:

**MENTAL STATUS:** The patient is alert and oriented times four and cooperative without obvious apraxia, agnosia, aphasia or amnesia.

**CRANIAL NERVES II-XII:** Pupils are equal, round, regular and reactive to light and accommodation. Extraocular movements are intact. Visual fields are full to confrontation. A fundoscopic evaluation was performed. No AV nicking defects, exudates or papilledema was seen bilaterally. Muscles of facial expression were symmetrical. The uvula was upgoing in the midline. Corneal and gag reflexes were intact. Sternocleidomastoid, tongue strength and shoulder shrug were normal. Muscles of mastication were normal. Sensation to the face was normal.

**MOTOR EXAM:** Normal power, tone and nutrition in the deltoids, biceps, triceps, brachioradialis, iliopsoas, intrinsic muscles of the hands, supinators, pronators, muscles of internal rotation and external rotation at the shoulder, quads, anterior tibialis, posterior tibialis, foot invertors and evertors, gastroc and soleus. Deep tendon reflexes in the biceps, triceps, brachioradialis and patella were 2+ and equal bilaterally. Deep tendon reflexes are decreased in the ankles. Toes were down-going bilaterally.

**SENSORY EXAM:** Stocking glove hypesthesia.

**CEREBELLAR EXAM:** Finger-to-nose, heel-to-shin, rapid alternating movement and tandem gait, as well as finger tap were normal. Gait and station were normal. There were no extrapyramidal findings. Romberg was negative.

## IMPRESSION:
1. Degenerative disc disease.
2. Chronic pain syndrome.
3. Polyneuropathy.

## PLAN:
1. EMG/NCV – He will get at the VA.
2. Complete polyneuropathy work-up and literature – He will get at the VA.
3. Lyrica 50mg po bid x 3 days then increase to 75mg po bid x 3 days then increase to 100mg po bid x 3 days then increase to 125mg po bid x 3 days then increase to 150mg po bid, samples and prescription given.
4. Acetyl-L-Carnitine 500mg po bid.

**DISCUSSION:** Thank you for referring this nice patient back. We have not seen him for three years. He has stopped working. He has chronic pain related to degenerative disc disease in the neck and the back. He brings reports from the VA where he has had MRIs that showed mild degenerative disc disease.

His exam revealed a positive Lasegue's sign. He has reduced ankle jerks compared to his knee jerks which are quite brisk, but no sustained clonus or Babinski was seen. He does have a stocking glove hypesthesia. I suspect he has a polyneuropathy superimposed upon a lumbar radiculitis related to his degenerative disc disease.

We have recommended an EMG/nerve conduction study and a complete polyneuropathy work-up and placed him on Lyrica. We gave him samples for the same and Acetyl-L-Carnitine for the suspected neuropathy. He states he will get the polyneuropathy work-up and the electrical studies done over at the VA and we have written a letter for him today to Cigna.

Thanks for referring him.

Sincerely,


Lon Burba, M.D.
LB/ch

*DICTATED, BUT NOT READ TO AVOID DELAY*