IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RICHARD MCALLISTER**                                                                 **PLAINTIFF**

**v.**                                              **4:08CV03619-WRW**

**LIFE INSURANCE COMPANY**                                                 **DEFENDANT**
**OF NORTH AMERICA**

### ORDER

Pending is Plaintiff's Motion to Compel Discovery (Doc. No. 7). Defendant has responded (Doc. No. 9). For the reasons set out below, Plaintiff's Motion is DENIED.

Plaintiff alleges Defendant failed to properly answer interrogatories through which Plaintiff sought evidence concerning the nature and extent of Defendant's financial conflict.[1] Plaintiff asserts that Defendant's objections -- that evidence other than the administrative record is irrelevant and inadmissible -- are inconsistent with the United States Supreme Court's ruling in *Metropolitan Life Ins. Co. v. Glenn*.[2]

In *Glenn*,[3] the Court held that a conflict of interest exists when a plan administrator both determines eligibility and pays a claim, and that courts should consider the conflict of interest as a factor when reviewing an administrator's decision under the abuse of discretion standard.[4] *Glenn* did not, however, create new evidentiary rules in connection with the conflict of interest.[5]

---

[1] Doc. No. 8.

[2] *Id*.

[3] 128 S. Ct. 2342 (2008).

[4] *Id.* at 2348-50.

[5] *Id.* at 2350.

Because Glenn did not create new evidentiary rules, existing Eighth Circuit law applies. Under existing Eighth Circuit law, the discovery Plaintiff requests under *Glenn* is inappropriate.[6]

Accordingly, Plaintiff's Motion is DENIED.

IT IS SO ORDERED this 9th day of December, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[6] See *Wakkinen v. UNUM Life Ins. Co. of America*, 531 F.3d 575 (8th Cir. 2008). The Eighth Circuit has recognized a difference between a conflict of interest, and an improper motive in denying a claim where the claims reviewers receive a direct personal financial benefit for denying the claim. *Schatz v. Mutual of Omaha Insurance Co.*, 220 F.3d 944, 947 n.5 (8th Cir. 2000) (citing *Davolt v. The Executive Comm. of O'Reilley Automotive*, 206 F.3d 806, 809 (8th Cir. 2000); *Armstrong v. Aetna Life Ins. Co.*, 128 F.3d 1263, 1265-66 (8th Cir. 1997)). Under existing Eighth Circuit law, limited discovery may, in some cases, be allowed to assist in determining the standard of review. See *Farley v. Ark. Blue Cross and Blue Shield*, 147 F.3d 774, 776 n.4 (8th Cir 1998) (District courts will rarely need to permit discovery to establish facts of a palpable conflict of interest, because a conflict of interest will ordinarily be apparent "on the face of the administrative record . . . ." However, allowing limited discovery to help the court determine the appropriate standard of review does not "run afoul of the general prohibition on admitting evidence outside the administrative record . . . .") Requests for limited discovery to assist in determining the appropriate standard of review should not, however, be argued under *Glenn*.