IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RICHARD MCALLISTER                                                PLAINTIFF

V.                    CASE NO.  4:08CV3619-WRW

LIFE INSURANCE COMPANY OF NORTH
AMERICA and MOLEX, INC. LONG TERM
DISABILITY PLAN                                                   DEFENDANTS

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Comes Plaintiff, Richard McAllister, by and through undersigned counsel, and for his motion for summary judgment, states:

1. Plaintiff was an employee of Molex Incorporated ("Molex") and a participant in the Molex Incorporated Long Term Disability Plan (the "Plan") as a consequence of his employment with Molex.  The Life Insurance Company of North America ("Lina") was the insurer of the Plan and served as its claims' handler.  See Policy Number LK 005801.  **LINA-MC-00644 - LINA-MC-00671**  Lina is a wholly owned subsidiary of CIGNA Group Insurance ("Cigna").

2. Plaintiff's LTD claim was approved by Cigna's case manager, Linda Nickles, by letter dated April 15, 2003. **LINA-MC-01053** but was wrongfully terminated in 2007 based on an unreliable functional capacity evaluation ("FCE").  Since the Lina policy had no discretionary language and since Molex had not delegated discretionary authority to Lina, this Court must review this case *de novo.*  Hence, in accordance with the *Firestone* decision, Plaintiff's claim is to be reviewed *de novo.*

1

3. Lina wrongfully terminated Plaintiff's disability benefits because it ignored Plaintiff's uncontroverted medical evidence substantiating his disability and improperly relied on an unreliable FCE.

4. Lina violated the terms of its policy and the law of the Eighth Circuit when it terminated the LTD benefits of Plaintiff. Lina failed to show that Plaintiff's condition had improved or changed in any substantial way since the original determination that he met the definition of disability under the policy. The definition of disability is quite different in this policy. See 208

5. Lina's decision should be reversed because it ignored and disregarded the medical and vocational evidence that established his disability. Lina's decision to deny benefits must be reversed under any standard of review. See *Lori Barnes v. Harford Life Ins. Co. et al.,* Case No. 4:04-CV-01114 JLH, which is attached hereto as Plaintiff's Exhibit # 1.

6. Lina's decision to terminate must be reversed because it:

   1.) Unfairly rejected his medical evidence;

   2.) Unreasonably relyied on the FCE; and

   3.) Abused the Social Security Administration's disability process by requiring Mr. McAllister to apply for SSDI in order to reduce Lina's financial obligation to him and then Lina completely ignored the findings of the SSA when it wrongfully terminated his LTD benefits. See *Alfano v. Cigna Life Ins. Co. et al.,* 2009 U.S. Dist. LEXIS 7688, which is attached hereto as Plaintiff's Exhibit # 2.

WHEREFORE, Plaintiff requests that this Court reverse the decision of Lina and award to him the past due disability benefits that are owed to him, award prejudgment interest, put his claim in current pay status, award his attorneys' fees and costs, and all other appropriate relief to which he may be entitled.

         Respectfully submitted,

         **/s/ Leon Marks**

         Arkansas Bar # 76-175
         Leon Marks, P.A.
         111 Center Street, Suite 1200
         Little Rock, AR  72201
         (501) 978-3131
         LMarks5080@aol.com


## **CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of February 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to the following:

  R..T. Beard, III
  rbeard@mwsgw.com
  &
  Delena C. Hurst
  dhurst@mwsgw.com

  Mitchell Williams

         **/s/ Leon Marks**

         Arkansas Bar # 76-175
         Leon Marks, P.A.
         111 Center Street, Suite 1200
         Little Rock, AR  72201
         (501) 978-3131
         LMarks5080@aol.com