**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**RICHARD MCALLISTER**                                                                           **PLAINTIFF**

v.                                          **4:08-CV-03619-WRW**

**LIFE INSURANCE COMPANY OF
NORTH AMERICA,** *et al***.**                                                                 **DEFENDANTS**

**ORDER**

Pending is Plaintiff's Motion for Fees, Costs, and Prejudgment Interest (Doc. No. 24). Defendants have responded (Doc. No. 26). For good cause shown, the motion is GRANTED.

**I.     BACKGROUND**

On May 7, 2009, I granted Plaintiff's Motion for Summary Judgment and found that Defendants' decision to deny benefits was arbitrary and capricious. The Order noted that "[o]ther than the 2007 FCE, there is nothing in the record to indicate that any of Plaintiff's medical conditions improved -- and, again, the 2007 FCE ignores that fact that Plaintiff is taking 180 mgs of morphine daily."[1] I found that Defendants "at best, were merely going through the motions when reviewing Plaintiff's case."[2]

Now Plaintiff requests $13,725 in attorneys' fees, $220 in costs, and prejudgment interest.[3] Plaintiff's counsel contends that he charges an hourly rate of $250 and spent 54.9 hours on the case. The $220 is for "costs incurred in the filing and service of the Complaint."[4]

---

[1] Doc. No. 22.

[2] *Id.*

[3] Doc. No. 25.

[4] Doc. No. 24-2.

1

Defendants assert that Plaintiff's counsel's "hourly billable rate" is unreasonable, because partners at Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C. bill only $215 an hour for ERISA cases. Defendants also contend that other time entries are excessive -- specifically, 2.25 hours for "legal research -- *Alfano* review & include in brief," when the *Alfano* case was only 26 pages long; 1.5 hours to "read and research *Hackett & Gordon*," when Plaintiff's counsel had already read and researched those cases for another case he's litigating.[5]

## II.     DISCUSSION

### A.      Attorneys' Fees

The Eighth Circuit Court of Appeals has established the following general guidelines for a district court to consider when determining whether to award attorneys' fees:

(1)     the degree of the opposing parties' culpability or bad faith;
(2)     the ability of the opposing parties to satisfy an award of attorneys' fees;
(3)     whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances;
(4)     whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and
(5)     the relative merits of the parties' positions.[6]

All but one of these factors (the fourth factor does not apply in this case) weigh strongly in favor of granting attorneys' fees to Plaintiff. As more fully set out in the May 7, 2009, Order, Defendants' decision to deny benefits was arbitrary and capricious, if not egregious. Again, Defendants, at best, were merely going through the motions when reviewing Plaintiff's case, and ignored evidence that was contrary to the determination they desired. Considering this, factors (1), (3), and (5) all weigh heavily for Plaintiff. As to factor (2), there is nothing in the record that would indicate that Defendants are unable to pay the attorneys' fees.

---

[5]Doc. No. 26.

[6]*Lawrence v. Westerhaus*, 749 F.2d 494 (8th Cir. 1984).

However, I do agree with Defendants that some of the research time appears to be excessive, and am reducing Plaintiff's total hours to 49.9.[7]  Accordingly, Plaintiff is entitled to $12,475.00 in attorneys' fees (49.9 hrs x $250/hr).

**B.     Costs**

Since Defendants did not address Plaintiffs' request for $220 in costs, I assume they have no objection to this request; so, it is granted.

**C.     Prejudgment Interest**

"Prejudgment interest awards are permitted under ERISA where necessary to afford the plaintiff other appropriate equitable relief under section 1132(a)(3)(B)."[8]  Because Defendants improperly denied Plaintiff's claim for benefits, prejudgment interest is awarded on the benefits that were improperly withheld from Plaintiff. (If the parties are unable to agree to this amount, they may petition the Court.)

## CONCLUSION

Based on the findings of fact and conclusions of law above, Plaintiff's Motion for Fees, Costs, and Prejudgment Interest (Doc. No. 24) is GRANTED.  Plaintiff is entitled to $12,475.00 in attorneys fees, $220 in costs, and prejudgment interest from Defendants.

IT IS SO ORDERED this 3rd day of June, 2009.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[7] Among other things, this 5 hour reduction considers the "Legal research -- *Alfano* review & include in brief 2.25 hours" and "Read & research *Hackett & Gordon* 1.5 hours."

[8] *Kerr v. Charles F. Vatterott & Co.*, 184 F.3d 938, 945 (8th Cir. 1999).